IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VAUGHN L. SNIDER, )
)
Plaintiff, )
)
vs. ) Case No. 13-1330-RDR-KGG
)
TAFT YATES, )
)
Defendant. )
)

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging discrimination and a violation of his civil rights, Plaintiff Vaughn Snider filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), which the Court previously granted (*see* Doc. 4). Plaintiff now files a Motion for Appointment of Counsel. (Doc. 5.) Having reviewed Plaintiff's motion, as well as his Complaint (Doc. 1), the Court **DENIES** this motion.

## DISCUSSION

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner****,* 979 F.2d at 1421.

Having granted Plaintiff *IFP* status (Doc. 4), the Court finds that he has a limited ability to afford counsel, satisfying the first ***Castner*** factor. Plaintiff also satisfies the second ***Castner*** factor through his diligent search for counsel. (*See* Doc. 5.) The Court sees no glaring concerns on the face of Plaintiff's federal court Complaint, satisfying the third factor. (Doc. 1.) The Court's analysis thus turns to the fourth ***Castner*** factor – Plaintiff's capacity to represent himself. 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this discrimination case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454,

458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown his ability to represent himself by drafting his federal court Complaint and navigating the U.S. Department of Justice disability rights administrative complaint procedure. (*See generally*, Doc. 1.) Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case. As such, his Motion to Appoint Counsel is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **DENIED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 30th day of September, 2013.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge