IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**VAUGHN L. SNIDER,**   )
          Plaintiff,   )
                           )
  v.   )   Case No. 13-1330-RDR
                           )
**TAFT YATES,**   )
          Defendant.   )

## MEMORANDUM AND ORDER

Plaintiff, pro se, has been granted leave to file the complaint in this case in forma pauperis. The complaint (Doc. No. 1) consists of: a civil complaint form supplied by the court which plaintiff has completed; an attached Department of Justice form for making a complaint under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; and a copy of a letter addressed to Olavee Raub in Ellis, Kansas which provides some factual detail regarding the matters concerned in the other documents.

The complaint names Taft Yates, the Ellis Police Department Chief, as defendant. It lists plaintiff's claims as: 1) false imprisonment; 2) use of handcuffs; 3) disallowing medical supplies; and 4) disability discrimination under the ADA. Plaintiff has not provided any significant factual detail in either the complaint form supplied by the court or the

Department of Justice form. But, the letter to Ms. Raub supplies information which the court shall treat as part of the complaint's factual allegations.

The letter to Ms. Raub indicates that on November 9, 2012 plaintiff was overheard making a remark which was apparently reported as a suicide threat to the Ellis, Kansas police department. Plaintiff was thereafter "confronted by three police officers" while he was drinking coffee at a Love's Travel Plaza. Plaintiff denied that he was a threat to himself or anyone else, but defendant Yates insisted that he accompany Yates to the High Plains Mental Health Center. Plaintiff "complied." After his interview at the mental health center, defendant Yates handcuffed plaintiff and transported him to Larned State Hospital. Plaintiff alleges that he objected to being forced to go to the hospital and that it was "unprofessional and unnecessary" that he be handcuffed, as he had already been searched twice for a weapon. In addition, plaintiff alleges that he has been partially paralyzed for 37 years and presented no danger to himself or Yates. Plaintiff claims that he asked that Yates allow plaintiff to go home or accompany plaintiff to plaintiff's home, so that plaintiff could collect medical supplies necessary for plaintiff to void his bladder without assistance. This request was refused.

This case is before the court upon defendant's motion to dismiss. Defendant contends that the court should dismiss this action because: the complaint fails to conform to basic pleading standards; qualified immunity protects defendant from liability; and defendant cannot be found liable under the ADA.

I. RULE 12(b)(6) STANDARDS.

FED.R.CIV.P. 12(b)(6) provides for dismissal of actions for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). The court must not "weigh potential evidence that the parties might present at trial, but . . . assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Cohon v. New Mexico Dept. of Health, 646 F.3d 717, 724 (10th Cir. 2011) (interior quotations omitted).

The Supreme Court has stated that plausibility requires that the allegations of a complaint should "raise a reasonable expectation that discovery will reveal evidence" supporting the elements of the claims, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged," Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations and citations omitted).

The Tenth Circuit has elaborated upon the plausibility standard as follows:

> we have concluded the Twombly/Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)(interior quotations and citation omitted).

Exhibits attached to a complaint are treated as part of the pleadings for purposes of ruling on a motion to dismiss. Tal v. Hogan, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) cert. denied, 549 U.S. 2109 (2007). Normally, however, attached documents are "'considered only to show their contents, not to prove of the matters asserted therein.'" Id. (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)). As plaintiff is proceeding pro se, the court construes his pleadings "liberally and holds [them] to a less stringent standard than formal pleadings drafted by lawyers." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). So, for the

purposes of this opinion, the court shall treat the contents of the letter to Ms. Raub as part of the allegations of the complaint.

II. ANALYSIS OF DEFENDANT'S ARGUMENTS FOR DISMISSAL.

A. <u>The complaint (with the letter to Ms. Raub) contains adequate factual detail and notice of claims under 42 U.S.C. § 1983, the ADA, and state law</u>.

Defendant contends that the complaint contains no specific factual allegations and therefore should be dismissed. This argument, however, appears to ignore the allegations made in plaintiff's letter to Ms. Raub. Given the liberal construction the court must apply to <u>pro se</u> pleadings, we believe plaintiff has provided defendant with adequate notice of what plaintiff is alleging.

Although the court is not obliged to construct a legal theory on behalf of a <u>pro se</u> plaintiff (<u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997)), the court should consider legal theories that are apparent on the face of the complaint. <u>Barrett v. Tallon</u>, 30 F.3d 1296, 1299 (10th Cir. 1994). It seems apparent on the face of plaintiff's complaint that plaintiff is attempting to bring an action under 42 U.S.C. § 1983 (although the statute is not expressly alleged) and the

ADA.[1] Plaintiff may also be considered to have alleged a state law action for false imprisonment.

    B. <u>Plaintiff's "use of handcuffs" allegations state a claim under § 1983</u>.

Defendant asserts that there is no viable claim stated for "use of handcuff." The court will not prejudge the merits of plaintiff's claim that he was handcuffed without sufficient cause. For the purposes of this order, it is sufficient to observe that particularized suspicion that a person is dangerous (to others or himself) is necessary to justify handcuffs and that standard police procedure may not control the analysis of whether there is a constitutional violation. See <u>Manzanares v. Higdon</u>, 575 F.3d 1135, 1149-50 (10th Cir. 2009). Plaintiff claims that he was not a danger to himself or anyone else. He further alleges that he was compliant with the police. Given these allegations, the court believes plaintiff has stated a plausible claim that he was unreasonably seized in violation of the Fourth Amendment as enforced via § 1983.

    C. <u>Plaintiff states a claim under § 1983 and state law for false imprisonment</u>.

Plaintiff alleges that he was forced to go to Larned State Hospital and that he complied when defendant insisted that

---

[1] To state a claim under § 1983, a plaintiff must establish two elements: (1) that he suffered a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

plaintiff go to the High Plains Mental Health Center. The Tenth Circuit has recognized that "the seizure of a person for an emergency mental health evaluation is a restriction on the fundamental right of personal liberty and so is governed by the reasonableness requirement of the Fourth Amendment." <u>Meyer v. Board of County Commissioners</u>, 482 F.3d 1232, 1239 (10th Cir. 2007). "[P]robable cause is required to support an emergency detention for a psychiatric evaluation." <u>Id.</u> Again, given the allegations in the attachments to the complaint that plaintiff was not a threat to himself or others, the court finds that plaintiff has stated a plausible claim for a violation of the Fourth Amendment as enforced via § 1983 as well as a claim for false imprisonment. See <u>Wright v. Montgomery Ward & Co.</u>, 814 F.Supp. 986, 989 (D.Kan. 1993)(state law claim for false imprisonment requires that an individual be restrained of his liberty without any sufficient legal cause).

D. <u>Plaintiff does not state a claim for relief under § 1983 for being disallowed medical supplies or for a violation of the ADA</u>.

The court is unable to discern a plausible claim under § 1983 arising from the denial of medical supplies while plaintiff was allegedly under defendant Yates' control. Plaintiff does not identify any legal authority persuasive to the court and the court is not aware of any apparent source for such a claim.

7

The complaint and its attachments also fail to state an ADA claim. The ADA forbids employment discrimination on the basis of disability in Title I (42 U.S.C. §§ 12111-12117); it forbids discrimination in public services, programs and activities in Title II (42 U.S.C. §§ 12131-12134); and it prohibits discrimination in public accommodations in Title III (42 U.S.C. §§ 12181-12189). Tennessee v. Lane, 541 U.S. 509, 516-17 (2004). Title I obviously is not pertinent here; plaintiff is not making an employment claim.

Plaintiff also cannot state a damages claim against defendant in his personal capacity under Title II. Section 12132 provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

Courts have construed this provision as limiting claims to those against a public entity. Anderson v. Usher, 2013 WL 1187399 (D.C.Cir. 3/4/2013); Williams v. McLemore, 247 Fed.Appx. 1, 8 (6th Cir. 6/19/2007); Rix v. McClure, 2011 WL 166731 *6 (D.Kan. 1/19/2011); Sindram v. Merriwether, 506 F.Supp.2d 7, 11-12 (D.D.C. 2007). A claim against defendant in his personal capacity for damages is not a claim against a public entity.

8

Therefore, plaintiff does not state a claim under Title II of the ADA.

Finally, plaintiff does not state a viable claim under Title III of the ADA. Title III provides for nondiscrimination in public accommodations and in commercial facilities. Defendant Yates is not alleged to be a person who owns, leases or operates a place of public accommodation so as to support a claim of discrimination under Title III of the ADA. 42 U.S.C. § 12182(a). In addition, Title III does not provide a private right of action for damages. Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006); Powell v. Nat'l Bd. Of Med. Exam'rs, 364 F.3d 79, 86 (2nd Cir. 2004). Damages is the only relief requested by plaintiff. For these reasons, plaintiff does not state a claim under Title III.

E. <u>The court cannot determine at this stage whether defendant enjoys qualified immunity against liability</u>.

The Tenth Circuit has instructed that "[i]n resolving a motion to dismiss on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011).

9

As mentioned above, the court believes plaintiff has alleged a plausible violation of the constitutional right against unreasonable seizure, both by use of excessive force and by restraining plaintiff's freedom of movement without probable cause.

Here the allegations indicate that plaintiff was not suspected of committing a crime or of being a threat to others' safety. Nor was he actively resisting arrest or attempting to flee, according to the complaint. At most, there is a slight suggestion that plaintiff may have been considered a threat to himself, although plaintiff denies this. A consideration of these factors suggests that plaintiff has stated a plausible claim for excessive force. See Morris v. Noe, 672 F.3d 1185, 1195 (10th Cir. 2012)(reviewing factors to consider in resolving excessive force questions).

As for whether the rights in question were clearly establish, recently the Tenth Circuit stated:

> The question of whether a right is clearly established must be answered in light of the specific context of the case, not as a broad general proposition. Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. But, because the existence of excessive force is a fact-specific inquiry, there will almost never be a previously published opinion involving exactly the same circumstances. Accordingly, our court has adopted a sliding scale: The more obviously egregious the

10

> conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation.

Long v. Fulmer, 2013 WL 6038340 *3 (10th Cir. 11/15/2013)(interior quotations and citations omitted). While a case directly on point is not required, "existing precedent must have place the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011)(emphasis added).

In Manzanares, the Tenth Circuit stated that "any reasonable officer would understand that it is unconstitutional to handcuff someone absent probable cause or an articulable basis to suspect a threat to officer safety combined with reasonable suspicion." 575 F.3d at 1150. In Lundstrom v. Romero, 616 F.3d 1108, 1122-23 (10th Cir. 2010), the Tenth Circuit further stated: "'the use of handcuffs is greater than a de minimus intrusion and thus requires the government to demonstrate that the facts available to the officer would warrant a man of caution in the belief that the action taken was appropriate.'" Quoting U.S. v. Albert, 579 F.3d 1188, 1193 (10th Cir. 2009); see also, El-Ghazzawy v. Berthiaume, 636 F.3d 452, 460 (8th Cir. 2011)("it is well established that if suspects are cooperative and officers have no objective concerns for safety, the officers may not use intrusive tactics such as handcuffing absent any extraordinary circumstances"). At this point in the

proceedings, the court cannot determine that there was an objective concern for safety which overcomes plaintiff's clearly established right against being handcuffed. Therefore, the court cannot conclude that defendant is entitled to qualified immunity from liability under § 1983 for the improper use of handcuffs.

The Tenth Circuit has also stated: "it [is] clearly established that community caretaking detentions must be based on specific articulable facts warranting an intrusion into an individual's liberty." Lundstrom, 616 F.3d at 1125. Once again, it is not clear upon the record before the court that defendant's actions in detaining plaintiff for the purpose of obtaining a mental health evaluation or treatment were warranted by sufficient cause. Therefore, the court denies defendant's qualified immunity argument without prejudice to its renewal later in these proceedings.

IV. CONCLUSION.

Defendant's motion to dismiss (Doc. No. 9) shall be granted in part and denied in part. The court shall grant defendant's motion to dismiss plaintiff's claims for disallowing medical supplies and plaintiff's claims under the ADA. The court shall deny defendant's motion to dismiss as it relates to plaintiff's claims for improper use of handcuffs and false imprisonment. Plaintiff is granted leave to file an amended complaint within

12

20 days of this order. Plaintiff may use the amended complaint to attempt to properly reassert claims under the ADA or for the denial of medical supplies. Plaintiff might also consider filing an amended complaint simply to elaborate or clarify his factual contentions. Plaintiff may either use the civil complaint form of the court, paying particular attention to the instructions provided under section III – "Statement of Claim", or plaintiff may file an amended complaint without using the court form, in which case he should pay close attention to FED.R.CIV.P. 10 and not ignore other pertinent federal rules of civil procedure. If plaintiff does not file an amended complaint, this case shall proceed upon the handcuffing and false imprisonment claims discussed in this order.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2013, at Topeka, Kansas.

\_\_\_\_\_s/ Richard D. Rogers\_\_\_\_
Richard D. Rogers
United States District Judge